UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMUNDO RODRIGUEZ MARIN, | No. 2:26-CV-02140-SAB |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| ICE FIELD OFFICE DIRECTOR, | **FOR WRIT OF HABEAS** |
| Respondents. | **CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 3. Petitioner is representing himself in the matter. Respondents are represented by Peter H. Clark.

Petitioner, a citizen of Mexico, entered the United States in 1998. On August 6, 2013, Petitioner's application for Deferred Action on Childhood Arrivals (DACA) status was approved. Between June 5, 2016, and September 12, 2024, Petitioner was convicted of at least ten separate criminal offenses, including a Second-Degree Burglary conviction with an imposed sentence of twelve months and one day. On August 28, 2018, Petitioner's request to extend his DACA status was denied. On July 15, 2025, immigration officials arrested Petitioner during an enforcement operation, and he was subsequently transported to the Northwest ICE Processing Center (NWIPC), where he remains.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \*1**

On October 21, 2025, an Immigration Judge ordered Petitioner's removal. Petitioner timely appealed that order on November 13, 2025. The appeal remains pending. On February 23, 2026, Petitioner received a bond hearing and was denied bond based on his criminal history.

Petitioner now requests the Court order his immediate release, asserting his detention has become prolonged.

Respondents request the Court deny the petition, asserting Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) and has not exhausted the administrative remedies available to him.

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Some courts, however, require administrative exhaustion as a prudential matter, considering: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id*; *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). This exhaustion requirement is further waived when a petitioner challenges issues other than the Board of Immigration Appeals' ruling on removability. *Liang v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Here, Petitioner is raising the question of whether his detention has become so prolonged as to implicate due process and constitutional concerns. This is not a

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \*2**

question the Board of Immigration Appeals is capable of resolving. As such, the Court finds it appropriate to waive any administrative exhaustion requirement.

Respondents rest of much of their argument on their contention that detention is mandatory pursuant to 8 U.S.C. § 1225(b)(2)(A), and request the Court follow out-of-circuit precedent as it suits their argument better. However, the Ninth Circuit recently affirmed that an alien who is not encountered at the border—such as Petitioner—is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Instead, these individuals are subject to the detention scheme under 8 U.S.C. §1226. *Id*.

In determining whether Petitioner's detention is mandatory under § 1226(c) or discretionary under § 1226(a), the Court finds that Petitioner's criminal history subjects him to mandatory detention under § 1226(c), as he has at least one prior conviction with a sentence of one year or longer. 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i). Although Petitioner is subject to mandatory detention, prolonged mandatory detention pending removal proceedings will, at some point, violate the right to due process. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019).

Courts in this district typically apply a six-factor balancing test to determine whether prolonged mandatory detention violates due process: (1) the total length of detention, (2) the likely duration of future detention, (3) the conditions of detention, (4) delays in the removal proceedings caused by the detainee, (5) delays in the removal proceedings caused by the government, and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1106. In previous habeas proceedings, this Court has included a seventh factor to expand the scope of the inquiry: any other considerations relevant

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *3**

to the specific facts and circumstances of the petitioner. *Shevchuk v. Scott*, No. 2:26-CV-01408-SAB, 2026 WL 1413609 (W.D. Wash. May 20, 2026).

### 1. Length of detention

Petitioner has been detained since July 15, 2025. The Supreme Court has indicated six months is a presumptively reasonable length of detention for civil immigration cases. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner is well over this presumptively reasonable threshold, with no clear end in sight. Accordingly, this factor weighs in favor of Petitioner.

### 2. Likely duration of future detention

This factor considers "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Hong v. Mayorkas*, No. C20-1784, 2022 WL 1078627, ay 6 (W.D. Wash. Apr. 11, 2022); *Martinez v. Clark*, No. C18-1669, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019). Petitioner's removal proceedings are ongoing, and the appeals process available to him could last well over two years. *See Banda*, 385 F. Supp. 3d at 1119. Accordingly, this factor weighs in favor of Petitioner.

### 3. Conditions of detention

Petitioner's briefing does not include specific allegations regarding the conditions of his confinement. The Court notes, however, that other courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness. *See e.g., Toktosunov v. Wamsley*, No. C25-1724, 2025 WL 3492858, at 5 (W.D. Wash. Dec. 5, 2025). Accordingly, this factor weighs in favor of Petitioner.

### 4. Delays attributable to Petitioner

There is no evidence in the record that Petitioner has contributed to any delays in his removal proceedings. Accordingly, this factor is neutral.

//

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *4**

**5.    Delays attributable to the Government**

There is no evidence in the record that the Government has contributed to any delays in the removal proceedings. Accordingly, this factor is neutral.

**6.    Likelihood that removal proceedings will result in a final order of removal**

There is insufficient information at this stage to make any determination on the outcome of a final order of removal. Accordingly, this factor is neutral.

**7.    Specific facts and circumstances of Petitioner**

Although Petitioner has a lengthy criminal history, the purpose of civil immigration detention is not to impose further punishment for offenses where sentences have already been served. The Court finds no additional facts or circumstances relevant to this analysis. Accordingly, this factor is neutral.

**8.    Weighing the factors**

The first three factors weigh in favor of Petitioner. The final four factors are neutral. Accordingly, Petitioner is entitled to habeas relief.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). As Petitioner has already received a bond hearing and has been detained for over a year with no clear resolution in sight, the Court finds it appropriate to order his immediate release.

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 3, is **GRANTED**.

2.    **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.    Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \*5**

statutorily mandated.

4.      At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and pro se Petitioner.

**DATED** this 6th day of August 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \*6**